# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION



AL JAZEERA AMERICA, LLC,
AL JAZEERA MEDIA NETWORK,
AL JAZEERA INTERNATIONAL (USA) INC.,
and DEBORAH DAVIES

     Petitioners,

     vs.

DR. GEORGE RUCKER and REJUVENATE
YOU WELLNESS & ANTI-AGING CENTER

     Respondents.

Misc. Case No: 8:18 mc 87 T 35 SpF

CASE IN OTHER COURT:
*Ryan W. Zimmerman, et al. v.*
*Al Jazeera America, LLC, et al.,*
Case Nos. 16-cv-00013 & 16-cv-
00014 (KBJ) (RMM) (D.D.C.)

## PETITIONERS' MOTION TO SEAL PURSUANT TO
## THE REVISED PROTECTIVE ORDER IN THE UNDERLYING ACTIONS

Pursuant to Local Rule 1.09(b) of the U.S. District Court for the Middle District of Florida and Paragraph 7 of the Revised Protective Order entered in the consolidated underlying actions, styled as *Ryan W. Zimmerman, et al. v. Al Jazeera America, LLC, et al.*, Case No. 16-cv-00013 (KBJ) (RMM) (D.D.C.) (the "Underlying Actions"), Petitioners Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA), Inc., and Deborah Davies (collectively, the "Al Jazeera Petitioners"), by and through undersigned counsel, hereby submit this Motion to Seal the Motion to Compel Discovery from Dr. George "Bino" Rucker and Rejuvenate You Wellness & Anti-Aging Center and Incorporated Memorandum of Law, together with its supporting Declaration and Exhibits (collectively, the "Motion to Compel Papers"), which will be filed on October 12, 2018.



1

## MEMORANDUM OF LAW

### I.   BACKGROUND AND DESCRIPTION OF THE PROPOSED SEALED MATERIALS

This proceeding arises from subpoenas served on Dr. George "Bino" Rucker and the Rejuvenate You Wellness & Anti-Aging Center (collectively, the "Dr. Rucker Respondents") in connection with the Underlying Actions pending in the U.S. District Court for the District of Columbia. All discovery matters in the Underlying Actions have been referred to Magistrate Judge Robin M. Meriweather, who on April 25, 2018 entered a Revised Protective Order (see ECF No. 101, which is also annexed to this Motion to Seal). Section 7 of the Revised Protective Order in the Underlying Actions provides:

> **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must, consistent with LCvR 5.1(h), provisionally file the document by electronic means in a manner authorized by the Clerk, accompanied by a motion to seal the document designated as containing Confidential Information or Highly Confidential Information. The sealing motion must be filed before or simultaneously with the provisional filing of the Confidential Information or Highly Confidential Information and must be noticed for presentment promptly thereafter. At the hearing on the sealing motion, the Party that designated the document as containing Confidential Information or Protected Health Information shall have the burden of demonstrating the need for sealing.

On October 12, 2018, the Al Jazeera Petitioners will file their Motion to Compel Papers with this Court to request that the Dr. Rucker Respondents be ordered to complete their discovery obligations. As part of the Motion to Compel papers, the Al Jazeera Petitioners must refer to and attach as exhibits certain materials that the Plaintiffs in the Underlying Actions, Ryan Zimmerman and Ryan Howard (collectively, the "Plaintiffs") have designated as "Highly Confidential" and which are therefore subject to the Revised Protective Order. The Al Jazeera Petitioners have requested that: (i) the Dr. Rucker Respondents sign acknowledgements to the Revised Protective Order; and (ii) the Plaintiffs in turn consent to the sharing of designated "Highly Confidential" materials with the Dr. Rucker Respondents.

The Al Jazeera Petitioners disagree with the Plaintiffs' designations—which have been abused to conceal relationships and facts that expose the falsity of the Plaintiffs' allegations—and have formally asked the Court in the Underlying Actions to remove them.  But because that Court has not yet ruled, the Al Jazeera Petitioners seek leave to file the Motion to Compel Papers under seal here in a good faith effort to comply with their obligations under the Revised Protective Order in the interim.

## II.     REQUESTED DURATION OF THE PROPOSED SEALING

The Al Jazeera Petitioners request that the proposed sealed materials (i.e., the Motion to Compel Papers) remain sealed until further Order of this Court.

## III.    GOOD CAUSE EXISTS FOR THIS COURT TO SEAL, UNTIL FURTHER ORDER OF THIS COURT, PENDING REVIEW BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

The Motion to Compel Papers will refer to and attach as exhibits certain materials that the Plaintiffs in the Underlying Actions claim are "Highly Confidential" and subject to the Revised Protective Order.  Although the Al Jazeera Petitioners disagree with the Plaintiffs' designations and view them as an improper attempt to conceal information, they nevertheless seek leave to file the designated materials under seal pursuant to Local Rule 1.09(b), in order to allow Judge Meriweather to determine in the Underlying Actions whether such materials are properly subject to the Revised Protective Order.  The Al Jazeera Petitioners have requested that: (i) the Dr. Rucker Respondents sign acknowledgements to the Revised Protective Order; and (ii) the Plaintiffs in turn consent to the sharing of designated "Highly Confidential" materials with the Dr. Rucker Respondents.

3

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the Al Jazeera Petitioners conferred with counsel for the Dr. Rucker Respondents on October 11, 2018 regarding the relief sought herein, and that counsel for the Dr. Rucker Respondents took no position on the Motion to Seal.

**WHEREFORE**, the Al Jazeera Petitioners respectfully request that the Court enter an Order granting: (i) this Motion to Seal, and allowing the Al Jazeera Petitioners to file the Motion to Compel Papers under seal; and (ii) all other relief the Court deems necessary and proper.

Respectfully submitted.

Dated: October 12, 2018

s/ Amanda E. Reagan
Fredrick H.L. McClure
Florida Bar No. 147354
Amanda E. Reagan
Florida Bar No. 92520
DLA PIPER LLP (US)
3111 West Dr. Martin Luther King, Jr. Boulevard
Suite 300
Tampa, Florida 33607-6233
Phone: (813) 229-2111
Facsimile: (813) 229-1447
Email: fredrick.mcclure@dlapiper.com
        amy.reagan@dlapiper.com
        sheila.hall@dlapiper.com

Rachel V. Stevens (*pro hac vice* pending)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 335-4500
Facsimile: (512) 457-7001
Email: rachel.stevens@dlapiper.com

*Counsel for Al Jazeera America, LLC,*
*Al Jazeera Media Network, Al Jazeera International*
*(USA), Inc., and Deborah Davies*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 12, 2018, I caused the foregoing documents to be hand-filed with the Clerk of the Court.  I also certify that redacted courtesy copies of the foregoing documents are being served this day on counsel for Respondents Dr. George Rucker and Rejuvenate You Wellness & Anti-Aging Center in an authorized manner and, furthermore, that in the event such counsel refuses to or is unauthorized to accept service of same, the foregoing documents (in redacted form) shall also be promptly and directly served upon Respondents Dr. George Rucker and Rejuvenate You Wellness & Anti-Aging Center in an authorized manner.  An amended certificate shall be filed with the Clerk of Court if appropriate.

s/ Amanda E. Reagan
Attorney

## SERVICE LIST

Bryan C. Hannan
DANIELS & HANNAN ATTORNEYS AT LAW
11031 Gatewood Drive
Lakewood Ranch, FL 34211
Phone:  (941) 932-8007
Facsimile:  (941) 866-2689
Email:  accident@dhlawfirm.org

*Counsel for Dr. George Rucker and*
*Rejuvenate You Wellness & Anti-Aging Center*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RYAN W. ZIMMERMAN and RYAN JAMES HOWARD,<br><br>Plaintiffs,<br><br>v.<br><br>AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., and DEBORAH DAVIES,<br><br>Defendants. | No. 16-cv-00013 (KBJ) |

<u>**REVISED PROTECTIVE ORDER**</u>

Plaintiffs Ryan W. Zimmerman and Ryan J. Howard (collectively, "Plaintiffs") and

Defendants Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International

(USA) LLC, and Deborah Davies (collectively, "Defendants") (together with Plaintiffs, the

"Parties"), by and through their respective counsel of record in the above-captioned consolidated

matter, hereby seek entry of this Confidentiality Order ("Order") pursuant to Federal Rule of

Civil Procedure 26(c)(1):

1.      **Scope.** All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests and subpoenas, deposition testimony and

exhibits, and information derived directly therefrom ("Discovery Material," defined herein *infra*

Section 2.c), shall be subject to this Order.  This Order is subject to the Local Rules of this

District, the Federal Rules of Civil Procedure on matters of procedure and calculation of time

periods, the General Order and Guidelines for Cases Before Judge Ketanji Brown Jackson, and

any other orders issued by the Court. The protections conferred by this Order apply with equal

force to those responding to third-party discovery.

    **2.**      **Definitions.**

        a.     **Party.**  Any party to this action, including that party's counsel,

consultants, and retained experts.

        b.     **Non-Party.**  Any natural person, partnership, corporation, association, or

other legal entity not named as a Party to this action.

        c.     **Discovery Material.**  All items or information regardless of the medium

or manner generated, stored or maintained (including, among other things, testimony, transcripts,

or tangible things) that are produced or generated in disclosures, responses to discovery

(including responses to third-party subpoenas) or other requests for documentation in this matter.

        d.     **Confidential Information.**  As used in this Order, "Confidential

Information" means: (a) information protected from disclosure by statute to the extent such

information is not included in the definition of " "Highly Confidential Information" as defined

*infra* Section 2.e of this Order; (b) information that reveals trade secrets; (c) research, technical,

commercial or financial information that the Party has maintained as confidential; (d) personal

identity information; (e) income tax returns (including attached schedules and forms), W-2 forms

and 1099 forms; or (f) personnel or employment records of a person who is not a party to the

case.


        e.     **Highly Confidential Information.**  As used in this Order, "Highly

Confidential Information" shall mean any medical or psychiatric information concerning any

individual, including information that is defined as Protected Health Information by the Health

Insurance Portability and Accountability Act of 1996 ("HIPAA") and related regulations.

      f.    **Receiving Party.**  A Party or Non-Party that receives Discovery Material

from a Producing Party.

      g.    **Producing Party.**  A Party or Non-Party that produces Discovery

Material in this case.

      h.    **Designating Party.**  A Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery or otherwise as "Confidential

Information" or "Highly Confidential Information."

      i.    **Protected Material.**  Any Discovery Material that is designated as

"Confidential Information" or "Highly Confidential Information."

      j.    **Expert.**  A person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or her/its counsel to serve as an expert

witness or as a consultant in this action.  This definition includes a professional jury or trial

consultant or an investigator retained in connection with this litigation.

      k.    **Outside Counsel.**  Attorneys, paralegals, and their staff who are

employed by or members of the law firms currently retained by the Parties to this action and all

independent companies or agencies that are directly engaged by Outside Counsel to perform

litigation support services under the supervision of such counsel whose duties and

responsibilities require access to Protected Material.

      l.    **In-house Counsel.**  Attorneys who are employees of a Party whose duties

and responsibilities require access to Protected Material.

    m.    **Professional Vendors.** Persons or entities specifically engaged for the limited purpose of providing electronic data support, providing translation services, processing documents or reviewing documents.

    3.    **Designating Protected Material.**

    a.    **Exercise of Restraint and Care in Designating Material for Protection.**
A Designating Party may designate Protected Material only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information or Highly Confidential Information.[1] A Designating Party must take care to limit any such designation to the specific material that qualifies under the appropriate standards and must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    b.    **Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

    c.    **Designation of Protected Material.**

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Columbia.

1.       **Documents**. Subject to the terms of the separately negotiated
protocol for the production of electronically stored information, a Party may designate a
document as containing "Confidential Information" for protection under this Order by placing or
affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the
document and on all copies in a manner that will not interfere with the legibility of the document.
As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or
descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL -
SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents
are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER" to a document does not mean that the document has any status or
protection by statute or otherwise except to the extent and for the purposes of this Order.   Any
copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or
lists of documents that do not contain substantial portions or images of the text of marked
documents and do not otherwise disclose the substance of the Confidential Information are not
required to be marked.

Subject to the terms of the separately negotiated protocol for the
production of electronically-stored information, a party may designate a document as containing
"Highly Confidential Information" for protection under this Order by placing or affixing the
words "HIGHLY CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER" on the document
and on all copies in a manner that will not interfere with the legibility of the document.  As used
in this Order, "copies" includes electronic images, duplicates, extracts, summaries or
descriptions that contain the Protected Health Information.  The marking "HIGHLY

CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the

time the documents are produced or disclosed.  Applying the marking "HIGHLY

CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that

the document has any status or protection by statute or otherwise except to the extent and for the

purposes of this Order.  Any copies that are made of any documents marked "HIGHLY

CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except

that indices, electronic databases or lists of documents that do not contain substantial portions or

images of the text of marked documents and do not otherwise disclose the substance of Highly

Confidential Information are not required to be marked.

      2.      **Tangible Objects**.  Tangible objects may be designated as

containing Confidential Information or Highly Confidential Information by affixing to the object

or its container an appropriate label or tag bearing the appropriate designation.

      **3.**      **Depositions**.  Unless all Parties agree on the record at the time the

deposition testimony is taken, all deposition testimony taken in this case shall be treated as

Highly Confidential Information for a period of ten (10) days after receipt of the deposition

transcript.  No later than the tenth day after receipt of the deposition transcript, a Party may serve

a Notice of Designation to all Parties of record as to specific portions of the testimony that are

designated "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" thereafter

those portions identified in the Notice of Designation shall be protected under the terms of this

Order.  If, at the completion of the tenth day after receipt of the deposition transcript, no Party

has served a Notice of Designation, the deposition testimony shall be treated as Confidential

Information for a period of twenty (20) days after receipt of the deposition transcript.  No later

than the thirtieth day after receipt of the deposition transcript, a Party may serve a Notice of

Designation to all Parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information unless (a) the Parties agree to a different time for serving a Notice of Designation or (b) the Party seeking a late designation seeks and obtains relief from the deadline from the Court.

   4.      **Permitted Redactions.**  The Parties agree to only redact from Discovery Material information that (i) is covered by an appropriate claim of privilege or (ii) is required or permitted to be redacted or withheld pursuant to federal or state statute and regulations, including any names, street addresses, and other identifying information pertaining to individuals or entities whose names and other identifying information are protected from disclosure by HIPAA regulations codified primarily at Sections 18, 26, and 42 of the United States Code, and the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.  Redactions for relevancy are not permitted.

   5.      **Access to and Use of Protected Material.**

         a.      **General Protections.**   Protected Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

         b.      **Persons to Whom Confidential Information May Be Disclosed.** .  The Parties and counsel for the Parties shall not disclose or permit the disclosure of or use of any Confidential Information  to any third person or entity except as set forth in subparagraphs (1)-

7

(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

   1. **Outside Counsel**;

   2. **Parties**. Individual Parties and current employees of a Party, including In-House Counsel, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

   3. **Authors and Recipients**. The author or recipient of a document containing the Confidential Information;

   4. **The Court and Its Personnel**. Court staff, as well as the trier of fact;

   5. **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

   6. **Professional Vendors**. Provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

   7. **Experts**. Provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

   8. **Witnesses at Depositions and Trial**. During their depositions and at trial, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses, upon written request, may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound. If Confidential Information is provided to a deponent in connection with his or her review of the deposition transcript, notice

8

shall be provided to opposing counsel in advance of the disclosure of such information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as containing Protected Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

> 9. **Insurers.** Insurance businesses that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action, and counsel for such insurance businesses, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound; and

> 10. **Others by Consent.** Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

> c. **Persons to Whom "Highly Confidential Information" May Be Disclosed.** The Parties and counsel for the Parties shall not disclose or permit the disclosure or use of any Highly Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information

> 1. **Outside Counsel;**

> 2. **In-house Counsel;**

> 3. **Authors and Recipients.** The author or recipient of a document containing the Highly Confidential Information;

> 4. **The Court and Its Personnel.** Court staff, as well as the trier of fact;

9

5. **Court Reporters and Recorders.**   Court reporters and recorders engaged for depositions;

6. **Professional Vendors.** Provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

7. **Experts.** Provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound; and

8. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

d.      **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

e.      **Party's Own Use of Protected Materials.** Nothing in this Order shall be deemed to restrict in any way any producing Party with respect to the use of its own Protected Material.

6.      **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as containing Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless otherwise agreed to by the Parties or ordered by the Court. Upon discovery of the inadvertent failure to designate, a

designating Party must timely advise the Receiving Party of the fact that the information should

have been designated and may retroactively designate the material by notice in writing by Bates

number or such other means that will allow for the identification of such documents. If a Party

designates a document as containing Confidential Information or Highly Confidential

Information after it was initially produced, the Receiving Party, on notification of the

designation, must make a reasonable effort to assure that the document is treated in accordance

with the provisions of this Order.  No Party shall be found to have violated this Order for failing

to maintain the confidentiality of material during a time when that material has not been

designated as containing Confidential Information or Highly Confidential Information, even

where the failure to so designate was inadvertent and where the material is subsequently

designated as containing Confidential Information or Highly Confidential Information.

Should the Parties disagree as to the appropriate designation of material that was

inadvertently not designated, the designating Party's proposed designation shall be maintained

until the Parties reach an agreement on the appropriate designation, or until the Court assigns a

designation.

7.   **Filing of Confidential Information**.  This Order does not, by itself, authorize

the filing of any document under seal.  Any party wishing to file a document designated as

Protected Material in connection with a motion, brief or other submission to the Court must,

consistent with LCvR 5.1(h), provisionally file the document by electronic means in a manner

authorized by the Clerk, accompanied by a motion to seal the document designated as containing

Confidential Information or Highly Confidential Information.  The sealing motion must be filed

before or simultaneously with the provisional filing of the Confidential Information or Highly

Confidential Information and must be noticed for presentment promptly thereafter.  At the

hearing on the sealing motion, the Party that designated the document as containing Confidential

Information or Protected Health Information shall have the burden of demonstrating the need for

sealing.

      8.    **Challenging Designations**.  Any Party may challenge the designation of

Protected Material, pursuant to the following procedures:

      a.    **Meet and Confer**.  A Party challenging the designation of Confidential

Information or Highly Confidential Information must do so in writing and in good faith and must

begin the process by conferring directly with counsel for the Designating Party.  In conferring,

the challenging Party must explain the basis for its belief that the confidentiality designation was

not proper and must give the Designating Party an opportunity to review the designated material,

to reconsider the designation, and, if no change in designation is offered, to explain the basis for

the designation.  The designating Party must respond to the challenge within ten (10) business

days of receiving written notice described above.

      b.    **Judicial Intervention**.  If the dispute cannot be resolved within the ten

(10) business days of the written notice described above, a Party  may challenge a confidentiality

designation, after conferring in good faith as required by Fed. R. Civ. P. 26(f) and LCvR 7(m),

by arranging a joint call with chambers to schedule a telephone conference with the Court

pursuant to Guideline 4(b) of the Court's Appendix to General Order and Guidelines for Civil

Cases.  With the Court's permission following the telephone conference, the Party challenging

the confidentiality designation may file and serve a motion that identifies the challenged material

and sets forth in detail the basis for the challenge.  Any such motion must be filed in accordance

with Paragraph 9 of this Order.  The burden of persuasion in any such challenge proceeding shall

be on the Designating Party.  Until the Court (or a Magistrate Judge to whom the Court refers the

motion pursuant to Guideline 4(b)) rules on the challenge, all Parties shall continue to treat the materials designated as containing Confidential Information or Highly Confidential Information under the terms of this Order.

9.    **Action by the Court**.  Nothing in this Order or any action or agreement of a Party under this Order shall be construed to limit the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.    **Use of Protected Material at Trial**.  Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.  A Party that intends to present or that anticipates that another Party may present Protected Material, at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.  Nothing in this Order shall be deemed a waiver of any Party's right to use and review its own documents and its own Protected Material at trial or otherwise, in its sole and complete discretion.

11.    **Protected Material Subpoenaed or Ordered Produced in Other Litigation**.

a.    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material

13

covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party

must deliver a copy of this Order promptly to the party in the other action that caused the

subpoena to issue.

        c.     The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the Designating Party in this case an opportunity to try to

protect its Confidential Information or Highly Confidential Information in the court from which

the subpoena or order issued.  The Designating Party shall bear the burden and the expense of

seeking protection in that court of its Confidential Information or Highly Confidential

Information and nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this action to disobey a lawful directive from another court.  The obligations

set forth in this paragraph remain in effect while the Party has in its possession, custody or

control Confidential Information or Highly Confidential Information by the other party to this

case.

     **12.**    **Challenges by Members of the Public to Sealing Orders.**  An interested

member of the public has a right to challenge the sealing of particular documents that have been

filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the

propriety of filing under seal.

     **13.**    **Obligations on Conclusion of Litigation.**

        a.     Unless otherwise agreed or ordered, this Order shall remain in force after

dismissal or entry of final judgment not subject to further appeal.

        b.     Unless otherwise ordered or agreed to in writing by the producing party,

within sixty (60) days after the final termination of this litigation by settlement or exhaustion of

all appeals all parties in receipt of Protected Material shall use reasonable efforts to either return

such materials and copies thereof to the producing party or destroy such Protected Material and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in counsel's email archive system or archived electronic files of departed employees, or in counsel's document management system, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order. Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

        c.      **Deletion of Documents Filed under Seal from ECF System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

      **14.**      **Order Subject to Modification**. Nothing in this Order abridges the right of any Party or Non-Party with standing to seek its modification by the Court in the future. Each Party expressly acknowledges that such modifications may be necessary. Further, each Party expressly acknowledges that written modifications to this Order approved by the Parties and the Court may be necessary as the case goes forward.

      **15.**      **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any document or material designated as containing Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Effective Without Court Order.** The Parties agree to be bound by this Order pending the entry of this Order by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

17. **Requirement for a Privilege Log.** There is no duty to produce privileged documents or information. For any document the producing Party designates—in whole or part—as subject to a claim of privilege, immunity or work-product protection that is responsive to a valid Document Request the producing Party shall supply a privilege log on before the dates identified in the operative Scheduling Order. The privilege log shall identify documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other Parties to assess the applicability of the privilege or protection. No Party need list on a privilege log documents generated after the filing of Plaintiffs' initial complaints, unless such documents fall within the scope of agreed or Court-ordered discovery.

18. **Challenges to Privilege.** After the receipt of a privilege log, any Party may dispute a claim of privilege, however, prior to any submission to the Court for an *in camera* review, the Party disputing a claim of privilege shall provide in writing the identification of the documents for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the documents are not privileged. Within seven (7) business days of receiving notice of the dispute, the Party seeking to support the claim of privilege shall provide a

16

written response supporting the claim of privilege (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege. If agreement cannot be met after fifteen (15) days from the written notice described above, any party may thereafter submit the disputed material under seal to the Court for a determination as to privilege in accordance with the local rules of the Court.

19. **Inadvertent Production of Privileged Documents.** If information that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity from production is inadvertently disclosed in discovery, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity from production.

20. **Challenges to Inadvertent Production of Privileged Material.** If a Party inadvertently or unintentionally produces any document(s) or information the producing Party determines was entitled to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing Party shall, within five (5) business days of discovering the inadvertent production, give notice to the Receiving Party in writing of the producing Party's claim of privilege or immunity from discovery. The Receiving Party shall immediately return the original and all copies in its possession of the restricted materials to the producing Party.

Inadvertent or unintentional production may not be deemed a waiver in whole or in part

of the producing Party's claim of privilege or immunity from discovery either as to specific

documents and information disclosed or on the same or related subject matter based on the facts

constituting the inadvertent production. This provision is, and shall be construed as, an Order

under Rule 502(d) of the Federal Rules of Evidence. Accordingly, as is explicitly set forth in

Rule 502(d), a Party's production of documents, whether inadvertent or intentional, is not a

waiver of any privilege or protection "in any other federal or state proceeding." Fed. R. Evid.

502(d). The fact of the inadvertent production itself cannot be the basis for a motion to compel.

In the event the Parties disagree over any claim of privilege or immunity from discovery, the

Receiving Party may move to compel the production following a conference between the Parties.

21. **Persons Bound.** This Order shall take effect when entered and shall be binding

upon all counsel of record and their law firms, the Parties, and persons made subject to this Order

by its terms.

22. **Designations by Non-Parties.** Non-Parties to the litigation may designate

documents containing Confidential Information or Highly Confidential Information for

protection under this Order. Such information produced by non-parties in connection with this

litigation is protected by the remedies and relief provided by this Order. Nothing in these

provisions should be construed as prohibiting a non-party from seeking additional protections.

23. **Publicly Available Information.** Nothing in this Order shall preclude the

disclosure by any Party of publicly available documents or information.

24. **Third-Party Disclosure.** Nothing in this Order shall in any way require any

Receiving Party to indemnify or hold harmless the producing Party for the disclosure of

Confidential Information or Highly Confidential Information, materials or documents by a third-party.

*So Ordered.*

Dated: April 25, 2018

Digitally signed by Robin M. Meriweather
Date: 2018.04.25 18:58:16 -04'00'

ROBIN M. MERIWEATHER
U.S. Magistrate Judge

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN W. ZIMMERMAN and RYAN JAMES HOWARD, | |
| Plaintiffs, | No. 16-cv-00013 (KBJ) |
| v. | |
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., and DEBORAH DAVIES, | |
| Defendants. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Columbia in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or  in accordance with the Order solely for the purposes of the above-captioned action and to not disclose any such Confidential Information or information designated   to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

20

Business Address: _____
Date: _____
Signature: _____